In the Matter of the Estate of Marie Zierlein, Deceased.

Surrogate's Court, Bronx County, July 15, 1931.

*William C. Stone,* for the petitioner.

*Harold C. Knoeppel,* special guardian.

HENDERSON, S.   Construction as to the powers granted in paragraphs " third " and " fifth " of decedent's will is requested in this accounting proceeding.

Under the provisions of paragraph " second," a trust of $10,000 is created for the benefit of the grandson of the testatrix, the principal of which is payable to him in equal parts when he attains the respective ages of thirty and thirty-five years.   Power to invade the principal of this trust is given in the succeeding paragraph as follows:

" *Third.* I hereby give and grant unto my said Trustees, full right, power and authority in their sole judgment and discretion, however, to make such advance or advances out of said Trust Fund from time to time as they may deem proper and necessary in case necessity arises for the payment of extraordinary medical or other expenses which may be required for the health or comfort of my said grandson Heinz Graf, or in case of any other emergency or extraordinary situation arises involving an expense in connection with the maintenance of my said grandson in reasonable comfort and which he may not be able to meet out of the income from this Trust Fund."

In the 5th paragraph the residuary estate is given in trust for the life of the daughter of the testatrix, with remainder over in trust for the benefit of the said grandson who is to receive the principal thereof in the same manner as directed with reference to the $10,000 trust above mentioned.   The trustees are given authority to expend the principal of this trust for the daughter in exactly the same language as contained in paragraph " third," above quoted, except for the substitution of appropriate words to designate the daughter instead of the grandson.

Both beneficiaries are citizens of the Republic of Germany, reside therein at Nurnberg, Bavaria, and are subject to the laws of that republic and its political subdivisions.

It appears that under the provisions of the German Inheritance

Tax Law of August 22, 1925, distributees in Germany are taxed upon their interests in non-resident estates; that such tax is payable in full by the distributee at a date specified in the official notice of tax assessment and thereafter bears interest at ten per cent per annum until paid; that such tax may be collected by seizing any remittance to the taxed distributee that may be sent through the mail. Such tax was assessed November 18, 1930, upon the interest of the two distributees as follows: The daughter, 15,535.80 marks, or approximately $3,700; the son, 3,345.60 marks, or approximately $800; and that the tax assessment notice specifies the due date as December 24, 1930.

While the payment of the German tax may not be an expense in connection with the maintenance of the beneficiary in reasonable comfort, the amount of each tax is greater than the respective net income for nearly two years. If such tax is paid out of the income, the beneficiary will be deprived of any income at all for more than a year, at least. Such a result is inconsistent with the testamentary intent and I hold that an extraordinary situation, within the provisions of the will, has arisen with respect to each trust by reason of the amount of such foreign tax and the manner in which it may be collected under the laws of the Republic of Germany, and that under the testamentary provisions the trustees are empowered to pay the German tax imposed against the beneficiary of each trust from the principal thereof respectively.

Settle decision and decree accordingly.